**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

QUINCY BRADDOCK ADAMS, JR.,

    Plaintiff,

v.                                                               Case No. 6:15-cv-1066-Orl-37GJK

CINEMARK USA, INC.,

    Defendant.

**ORDER**

This cause is before the Court on Defendant's Motion to Strike Reference to or Claims for Attorney's Fees and Damages Pursuant to Florida Statutes Section 768.72 (Doc. 4, ¶¶ 27–32), filed June 30, 2015.

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike matters from a pleading "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Defendant did not move to strike "before responding to [the Complaint]," but rather imbedded the Motion simultaneously with its Answer and Affirmative Defenses in violation of Rule 12(f) and Local Rule 3.01(a).[1] (*See* Docs. 3, 4.) Additionally, the motion fails to include the required 3.01(g) certification. Nevertheless, the Court takes the Motion under advisement and finds that it is due to be denied.[2]

---

[1] Indeed, the Motion was included as part of the same document as Defendant's Answer and Affirmative Defenses. (*See* Doc. 4.)

[2] Due to the procedural violations and the nature of the request, the Court finds

Defendant moves the Court to strike Plaintiff's request for attorneys' fees from paragraph seventeen of the Complaint (Doc. 2) because "there is no basis for the recovery of attorney's fees under a negligence cause of action arising from allegations of a fall on a transitory foreign substance, as this case is currently postured." (*See* Doc. 4, ¶ 27.)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts, however, do not favor motions to strike on the aforementioned grounds. *Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, 941 F. Supp. 1182, 1184 (M.D. Fla. 1996).

While there may indeed be no legal basis to claim attorney fees, Plaintiff's request for attorney's fees is not "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). As such, the motion is due to be denied. If there is a real contested issue on the claim for fees the Court will determine the question of entitlement at a later stage of the proceedings.

Additionally, Defendant moves the Court to strike Plaintiff's request for punitive damages because, under Florida law, "[t]o state a cause of action for punitive damages, the plaintiff must establish that the defendant was guilty of intentional misconduct or gross negligence" and then obtain leave of Court to seek such damages. (Doc. 4, ¶¶ 29–32 (citing Fla. Stat. § 768.72(1)).)

Florida Statute § 768.72 is not applicable in federal court because it conflicts with Federal Rule of Civil Procedure 8. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). As a result, a plaintiff in a Florida federal court "need not obtain leave of

---

that a Response from Plaintiff is unnecessary.

court before pleading a request for punitive damages." *Id.* Accordingly, Defendant's motion to strike Plaintiff's request for punitive damages is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Reference to or Claims for Attorney's Fees and Damages Pursuant to Florida Statutes Section 768.72 (Doc. 4, ¶¶ 27–32) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 13, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record